IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS OWENS, #K58364, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:20-cv-00679-DWD |
| ) | |
| MICHELLE NEESE, ) | |
| V. SHAH, ) | |
| RACHEL DODD, ) | |
| LT. PEACH, ) | |
| GREGORY SORENSON, ) | |
| PHIL MARTIN, ) | |
| JUSTIN TUEL, ) | |
| ASSISTANT WARDEN BROOKHART, ) | |
| SGT. STEVENS, ) | |
| WEXFORD HEALTH SOURCES INC., ) | |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Nicholas Owens, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Robinson Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff began filing grievances on February 17, 2019 regarding issues with medical care and, shortly

thereafter, he was subject to acts of retaliation including destruction of his property, termination from his job, and numerous instances of harassment.

The Orange Crush Tactical Unit (John Does 1-10) conducted a shakedown of Plaintiff's cell on April 29, 2019. During the shakedown, liquid was poured in his correspondence box ruining various legal materials, personal writings, greeting cards, notebooks, and publications. They ransacked his personal property, broke bars of soap, smashed food items, and broke his dental partial plate. Other similarly situated inmates were not treated in this manner. He was singled out in an act of retaliation.

Thereafter, Plaintiff continued to file grievances and experienced additional acts of retaliation including not receiving adequate health care or a correct diagnosis for his serious medical conditions. Dr. Shah maintained a course of treatment which he knew to be ineffective.

Defendants were deliberately indifferent to Plaintiff's serious medical conditions in violation of the Eighth Amendment and retaliated against him for filing grievances in violation of the First Amendment. Defendants maintained a policy, practice, or procedure which denied, limited, or delayed a constitutionally adequate level of health care in violation of the Eighth Amendment.

## Preliminary Dismissals

Under Federal Rule of Civil Procedure 8(a)(1), a Complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff

is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Further, to properly plead a § 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation").

The Complaint does not mention Michelle Neese, Rachel Dodd, Lt. Peach, Gregory Sorenson, Phil Martin, Justin Tuel, Assistant Warden Brookhart, Sgt. Stevens, or Wexford Health Sources, Inc. in the "statement of facts" or "claims." (Doc. 1, pp. 6-7). Although there are some vague, conclusory allegations against the "Defendants" collectively, those allegations are insufficient to state a claim against any specific defendant. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Further, the allegations are similar to allegations that the Seventh Circuit found factually insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) in *Brooks v. Ross*. *Brooks*, 578 F.3d at 582. In *Brooks*, the plaintiff alleged:

> Plaintiff is informed, believes and alleges that the Defendants while acting in concert with other State of Illinois officials and employees of the Attorney General's Office, Department of Corrections and Prisoner Review Board did knowingly, intentionally and maliciously prosecute Plaintiff and Ronald Matrisciano in retaliation for Plaintiff and the said Ronald Matrisciano exercising rights and privileges under the Constitutions and laws of the United States and State of Illinois.

Here, Plaintiff alleges:

3

> The Defendants[] have remained deliberately indifferent to my serious medical conditions and have violated my rights[] and the 8th Amendment to the United States Constitution. The Defendants have retaliated against me for the filing of administrative grievances and have violated my rights[] under the 1st Amendment of the United States Constitution.
>
> …
>
> The [D]efendants have maintained a policy, practice, or procedure which denied, limited[,] or otherwise held-up the provision of a constitutionally adequate level of health care and have violated my rights under the 8th Amendment of the United States Constitution.

Because Plaintiff has failed to ground his legal conclusions in a sufficiently plausible factual basis, and failed to adequately connect specific defendants to illegal acts, the claims against Michelle Neese, Rachel Dodd, Lt. Peach, Gregory Sorenson, Phil Martin, Justin Tuel, Assistant Warden Brookhart, Sgt. Stevens, or Wexford Health Sources, Inc. are dismissed without prejudice for failure to state a claim upon which relief can be granted.

Additionally, the allegations that Plaintiff suffered retaliation in the form of termination from his job and numerous instances of harassment are dismissed without prejudice for failure to state a claim. The allegations are vague, conclusory, and not associated with any defendant.

Because Plaintiff is currently incarcerated at Shawnee Correctional Center (Doc. 19), his request for injunctive relief related to the events at Robinson, is dismissed as moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

## Discussion

Following the preliminary dismissals, the Court designates the following claims in this *pro se* action based on the allegations in the Complaint:

Count 1: First Amendment claim against John Does 1-10 (*Orange Crush Tactical Unit*) for destroying Plaintiff's property on April 29, 2019 in retaliation for Plaintiff filing grievances.

Count 2: Fourteenth Amendment deprivation of property claim against John Does 1-10 (*Orange Crush Tactical Unit*) for depriving Plaintiff of his property.

Count 3: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shah for maintaining a course of treatment which he knew to be ineffective.

Count 4: First Amendment retaliation claim against Dr. Shah.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Count 1

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). rate indifference. *Berry*

5

*v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). At this stage, the allegations in the Complaint are sufficient to proceed on the retaliation claim in Count 1 against John Does 1-10 (*Orange Crush Tactical Unit*).

## Count 2

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy for the deprivation of property, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). For these reasons, Count 2 will be dismissed with prejudice.

## Count 3

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical (or dental) needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Additionally, a physician's choice of the "easier and less efficacious

6

treatment" for an objectively serious medical condition can constitute deliberate indifference.

The only specific factual allegations for this claim are various references to "serious medical conditions" and that Dr. Shah is that he "maintained a course of treatment which he knew to be ineffective." Plaintiff does not describe the medical condition(s) at issue or the alleged ineffective course of treatment, which are basic pleading requirements for the claim he seeks to bring. All other allegations regarding deliberate indifference are made against "Defendants" collectively and are similarly vague and conclusory. While a *pro se* Plaintiff's pleading is construed liberally, the Court cannot guess or speculate so as to fill in significant holes in the pleading. For these reasons, Count 3 is dismissed without prejudice for failure to state a claim for relief.

## Count 4

The retaliation claim in Count 4 against Dr. Shah suffers from the same pleading deficiencies as Count 3. As such, it is also dismissed without prejudice for failure to state a claim for relief.

## Identification of Doe Defendants

The Warden of Robinson Correctional Center, in an official capacity, will be added to the docket for purposes of responding to discovery aimed at identifying the Doe Defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the Doe Defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic Doe designations.

## Disposition

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows: Count 1 will proceed against John Does 1-10 (*Orange Crush Tactical Unit*). Count 2 and the injunctive relief claim are **DISMISSED with prejudice.** Counts 3 and 4 are **DISMISSED without prejudice**. Michelle Neese, Rachel Dodd, Lt. Peach, Gregory Sorenson, Phil Martin, Justin Tuel, Assistant Warden Brookhart, Sgt. Stevens, Wexford Health Sources, Inc. and V. Shah are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants. The Clerk is **DIRECTED** to **ADD** the Warden of Robinson Correctional Center, official capacity only, to the docket for purposes of responding to discovery aimed at identifying the Doe Defendants.

The Clerk of Court shall prepare for the Warden of Robinson Correctional Center (official capacity only) and once identified, John Does 1-10: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified those individuals by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for those individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. Because the Warden of Robinson Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 14, 2022**

**David W. Dugan**
**United States District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.