IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NICHOLAS OWENS, K58364,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-679-DWD |
| ) | |
| **JOHN DOES 1-10,** ) | |
| **WARDEN OF ROBINSON CORR. CTR.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On March 2, 2022, the Court issued a Scheduling Order that gave Plaintiff Nicholas Owens until May 2, 2022, to file a motion to substitute named parties for Defendants John Does 1-10, failing which the case would be dismissed for failure to prosecute. (Doc. 25). The Scheduling Order explained a detailed process for Plaintiff to tender information to the Court and the Warden about the identity of the John Does, for the Warden to respond, and for Plaintiff to then file a motion to substitute. To date, the Court has not received any motion to substitute. Instead, on March 30, 2022, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 30) and he submitted a proposed amended complaint. The Warden filed a response in opposition to the Motion for Leave to Amend. (Doc. 31). The motion and response are now before the Court for consideration, along with the issue of John Doe identification. For reasons explained, the Court will deny the motion for leave to amend, and it will dismiss this case for failure to prosecute.

## FACTUAL AND PROCEDURAL HISTORY

On July 10, 2020, Plaintiff submitted the underlying complaint in this matter, which contained a two-page statement of facts. (Doc. 1 at 6-7). Plaintiff alleged that beginning in February of 2019, he submitted grievances about the failure to treat a serious medical need, and shortly thereafter he began to experience retaliation. On April 29, 2019, the "orange crush tactical team" shook down his cell. In the statement of facts, Plaintiff alleged in very generic terms that "The Defendants have remained deliberately indifference to my serious medical conditions and have violated my rights and the 8th Amendment to the United States Constitution. The Defendants have retaliated against me for the filing of administrative grievances and have violated my rights under the 1st Amendment of the United States Constitution." (Doc. 1 at 6). Except for Dr. Shah and John Does 1-10 (orange crush tactical team), Plaintiff did not describe the individual actions of any of the named Defendants—Defendants Michelle Neese, Rachel Dodd, Lt. Peach, Sgt. Stevens, Phil Martin, Justin Tuel, Warden Brookhart, Gregory Sorenson, or Wexford Health Care.

On January 21, 2022, the Court conducted an initial review of the case pursuant to 28 U.S.C. § 1915A. Upon review, the Court dismissed Defendants Neese, Dodd, Peach, Stevens, Martin, Tuel, Brookhart, Sorenson, and Wexford, because it found that Plaintiff had failed to ground his legal conclusions about these parties in a sufficient factual basis and he had failed to describe personal actions of these Defendants. (Doc. 21 at 4). The Court additionally denied any request for injunctive relief because Plaintiff had been transferred from Robinson to Shawnee Correctional Center. As to Dr. Shah, the Court

found that there were insufficient factual allegations to maintain a deliberate indifference or retaliation claim against Shah because Plaintiff did not describe the specific injury or illness that ailed him, and he made only conclusory allegations regarding retaliation. (Doc. 21 at 6-7).  The Court allowed a single claim to proceed against John Does 1-10:

> Count 1:    First Amendment claim against John does 1-10 (Orange Crush Tactical Unit) for destroying Plaintiff's property on April 29, 2019, in retaliation for Plaintiff filing grievances.

(Doc. 21 at 5).

On March 2, 2022, the Court issued the above-mentioned scheduling order to assist with the identification of John Does 1-10.  Plaintiff was warned that a failure to follow the Doe identification schedule, and a failure to file a motion to substitute by May 2, 2022, would result in the dismissal of the case for failure to prosecute.  (Doc. 25 at 2).  Rather than comply with the schedule, which required Plaintiff to file information about the identity of the Does by March 31, 2022, Plaintiff moved for leave to file an amended complaint on March 30, 2022.  (Doc. 30).

The proposed amended complaint does not list John Does 1-10 as defendants.  The proposed amended complaint has a seven-page statement of facts, in comparison to the original complaint's one-and-a-half pages.  The only mention of the John Does, is Plaintiff's assertion that he "believes Defendant Sgt. Stevens as well as other Robinson C/Os were members of "Orange Crush Tactical Team" on 4/29/19 during the time whereas all of my and cellie M. Medina R10184 property was destroyed during the orange crush shakedown."  (Proposed Amended Complaint at 9, ¶ 32).  Aside from this

allegation, there is no other mention of John Does 1-10 in the proposed amended complaint.

The majority of the proposed amended complaint contains allegations about a burst blood vessel in Plaintiff's arm, and actions that he believes were retaliatory in the wake of grievances he filed about that injury. He sought declaratory, injunctive, and monetary damages.

In opposition to the Motion to Amend, the Warden contends that Plaintiff never tendered information to the Warden for identification of the John Does. (Doc. 31 at 3). The Warden notes that the proposed amended complaint no longer names John Does 1-10 as defendants, and it goes "beyond amending and proposed an entirely new Complaint with entirely new claims and allegations." (*Id.*). The claims include those previously dismissed by the merit review order, and Plaintiff seeks to add claims about state law tort violations. The Warden requests that the Court either deny the motion to amend or conduct a new merit review of the proposed pleading.

Plaintiff did not respond to the Warden's filing.

### ANALYSIS

Leave to amend a complaint should be freely given absent undue delay and undue prejudice to the opposing party. FED. R. CIV. P. 15(a). Leave to amend may be denied on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility. *Sounds of Music Co. v. Minn. Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007). The determination of whether to grant an amendment is within the court's discretion. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). "Undue prejudice occurs when the

amendment includes entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a chance in the allegations of the complaint and when additional discovery is expensive and time-consuming." *Luckett v. Conlan*, 561 F.Supp.2d 970, 977 (N.D. Ill. 2008) (internal citation omitted).

First, as to the identification of John Does 1-10, the Court finds that Plaintiff has completely failed to comply with the schedule set forth to identify the Doe defendants by May 2, 2022. His brief mention of the Orange Crush Tactical team in a single paragraph of his proposed amended complaint is insufficient to serve the purposes of a motion to substitute. Accordingly, per the terms of the Scheduling Order (Doc. 25), his case could be subject to immediate dismissal. Rather than dismiss the case outright, the Court also reviewed Plaintiff's proposed amended complaint in depth.

A review of the proposed amended complaint reveals a more detailed factual narrative than was provided in the original complaint about Plaintiff's medical condition (a burst blood vessel in his arm), and the course of retaliation that he alleges that he endured for filing grievances about this condition. The allegations are more detailed than the original one-and-a-half-page complaint, and yet many paragraphs are still generic in the sense that Plaintiff alleged in some way or another "the defendants as a group harmed me." Whatever merit the detailed and generic assertions may have, the Court finds that it would be unduly prejudicial to the defendants to allow this amended complaint to become the operative pleading. In essence, the amended complaint contains a whole new set of factual allegations and claims that were not previously presented. *Luckett*, 561 F.Supp.2d at 977. Although courts readily allow a plaintiff to present new legal theories

based on the core of facts alleged in the original pleading, *Bularz v. Prudential,* 93 F.3d 372, 379 (7th Cir. 1996), plaintiff seeks to do the opposite. Plaintiff wants to present an entirely new set of facts, premised on earlier claims that were found to be insufficient.

This opposite order of operations presents a risk of prejudice because none of the named defendants were put on notice of the possibility of a lawsuit against them concerning their conduct towards Plaintiff in the summer of 2019. By the time Plaintiff filed the lawsuit in the summer of 2020, he had already been transferred to a new facility, and he did not allege a new ongoing course of retaliation at that facility. To now allow Plaintiff to reach back in time to recount facts about events that occurred more than three years prior to the filing of the amended complaint, the risk of prejudice is high. Plaintiff provides no explanation for his delay in setting forth more detailed facts. Nor does he provide any explanation for his decision to amend his complaint, rather than to attempt to identify the John Does, as was directed in the scheduling order. In reality, Plaintiff's Amended Complaint is more like a motion to reconsider the order of initial review, than it is an effort to identify the Does or to proceed on the claim the Court designated as valid in the order of initial review. If Plaintiff's Motion to Amend was construed as a motion to reconsider, he would not meet the standard of presenting newly discovered evidence that he did not previously possess, because the factual narrative he now provides is comprised of information he clearly would have known at the time he filed his original complaint.

Based on the foregoing analysis, the Court finds it appropriate to deny the motion to amend, because it would be unduly prejudicial to allow Plaintiff to expand his lawsuit

against numerous previously unserved parties more than three years after the underlying events occurred. The Court further finds that Plaintiff has not made adequate efforts to identify the John Doe defendants, so John Does 1-10 are subject to dismissal. The dismissal of the John Does leaves no remaining claims or parties in this case.

## CONCLUSION

For reasons explained above, Plaintiff's Motion to Amend (Doc. 30) will be **DENIED**. John Does 1-10 are **DISMISSED** without prejudice because Plaintiff failed to identify them in accordance with the scheduling order. These two rulings resolve all claims against all parties in this case, so the Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

Dated: September 27, 2022

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge